IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1969-WJM-MEH

SKYYGUARD CORPORATION,

    Plaintiff,

v.

CAMPARI AMERICA LLC,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN AND AMEND COMPLAINT

Before the Court is Plaintiff Skyyguard Corporation's Motion to Reopen and Amend Complaint ("Motion"). (ECF No. 28.) Defendant Campari America LLC filed a response in opposition. (ECF No. 33.) Plaintiff filed a reply. (ECF No. 38.) For the following reasons, the Motion is denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

On July 6, 2020, Plaintiff filed this declaratory judgment action. (ECF No. 1.) In the Complaint and Request for Declaratory Judgment, Plaintiff requested a "Declaration that Plaintiff's SKYYGUARD Mark, either in design form or in standard character form, does not infringe on, dilute or reflect a likelihood of dilution of Defendant's SKYY Marks." (*Id*. ¶ 29.) Given the advanced stages of the Trademark Trial and Appeal Board ("TTAB") proceeding relative to this case and the duplicative nature of the two proceedings, Defendant requested a stay in this case pending the outcome of the TTAB

1

proceeding. (ECF No. 15 at 5–6.) On September 10, 2020, the Court granted Defendant's motion, stayed, and administratively closed this action pending resolution of the TTAB proceeding. (ECF No. 27.) The Court stated that this action would only be reopened for "good cause shown." (*Id.* at 7.)

On January 12, 2024, Plaintiff filed the Motion, explaining that on September 11, 2023, the TTAB found in its favor on all counts and rejected Defendant's challenge to Plaintiff's trademark registration. (ECF No. 28 at 2.) Defendant did not appeal the TTAB's ruling. (*Id.*) The United States Patent and Trademark Office ("USPTO") issued Plaintiff's Service Mark Registration of the design mark "SKYYGUARD" on January 2, 2024. (*Id.*)

## II. ANALYSIS

### A.   Reopen the Case

In its Motion, Plaintiff states that the TTAB's ruling in its favor does not resolve all matters, as Plaintiff "is still in need of a declaration in this matter to establish that its use of the Skyyguard mark does not infringe Defendant's trademarks." (*Id.*) Moreover, Plaintiff argues that the "resolution of the TTAB proceeding in its favor allows a malicious prosecution claim" and submits a proposed amended complaint. (*Id.*) Plaintiff's Motion of barely three pages contains no other substantive argument concerning why the case should be reopened or amendment of the pleadings should be allowed.

Defendant opposes Plaintiff's request to reopen the case and amend the pleadings, emphasizing that Plaintiff has failed to provide "any legitimate basis to open this fully resolved case." (ECF No. 33 at 1.) Specifically, Defendant argues that Plaintiff

2

"has not identified any existing case or controversy supporting its declaratory judgment claim, and thus there is no remaining dispute over which the Court has jurisdiction." (*Id.*)  The Court agrees.

Critically, in its response, Defendant explicitly disavows any intent to litigate.  (*Id.* at 2.)  For support, Defendant attaches a December 18, 2023 letter to Plaintiff's counsel in which Defendant's counsel, Joshua Lerner, states:

> As I explained to you in October 2023, Campari has no intention to pursue infringement or dilution claims against Skyyguard based in its present use of the mark SKYYGUARD.  And, at your request, on November 1, 2023, I sent you a draft settlement agreement with language to that effect (to which you did not substantively respond).  I reiterate that Campari has no intention to further pursue this matter, and there is no case or controversy.

(ECF No. 33-2.)  Defendant asserts—and Plaintiff does not contest—that Defendant's only threats of litigation against Plaintiff came over four years ago, and following the TTAB's decision, Defendant has disavowed any intent "to pursue infringement or dilution claims against Skyyguard based in its present use of the mark SKYYGUARD." (ECF No. 33 at 3.)  Defendant further explains that Plaintiff's position constitutes "a belated and improper attempt to use a state law malicious prosecution claim to bring a claim for recovery of attorneys' fees incurred in the TTAB proceeding, where Skyyguard would not have been entitled to fee shifting."  (ECF No. 33 at 2.)  Defendant argues that given its position—which the Court observes, incidentally, could not be clearer—there "can be no good cause to reopen a case in which there is no actual controversy regarding—and thus no jurisdiction over—the only pending claim."  (*Id.* at 4.)

Plaintiff replies that it proposes to amend its complaint to add a slightly different

3

claim; instead of a trademark dilution claim, it proposes a trademark infringement claim based on different facts.  (ECF No. 38 at 3.)  Plaintiff states that

> Defendant made it clear that it would proceed against Skyyguard regardless of whether it prevailed on the dilution claim before the TTAB.  Statements in settlement communications from Defendant's lawyers not constitute use of statements in settlement negotiations, in violation FRE 408 [*sic*].  Further, the statements of Defendant's attorney do not constitute a waiver, and are not enforceable by Skyyguard.  Accordingly, a controversy remains between the parties, and there is no basis for dismissal of Skyyguard's declaratory judgment claim.

(*Id.* at 3–4.)

In the Court's view, Plaintiff's arguments are completely without merit and border on being purposefully obtuse.  Plaintiff contends that it did not fail to properly confer with Defendant regarding the Motion.  (ECF No. 38 at 5.)  However, Plaintiff makes no effort in its Motion to explain to the Court any of the parties' background discussions about Defendant disavowing future litigation or offering to enter a settlement agreement.  In Plaintiff's reply, counsel states the following as reasoning for his failure to respond to Defendant's December 18, 2023 letter:

> Defendant admits that Skyyguard's counsel conferred regarding the subject motion, but states that Skyyguard should have accepted or otherwise responded to Defendant's counsel'[s] December 18, 2023 letter.  In fact, the December 18, 2023 letter set forth Defendant's position in opposition to Skyyguard's motion, the same as asserted by Defendant in their response.  Having received Defendant's letter, Skyyguard was put on notice that Defendant opposed the motion, and there was no basis for further conferral.

(*Id.*)  In other words, Plaintiff made no effort to respond to Defendant, much less engage in *meaningful* conferral.  See *Hoelzel v. First Select Corp.,* 214 F.R.D. 634 (D. Colo.

4

2003).  D.C.COLO.LCivR 7.1 requires the following:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter.  The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

Simply including a Certificate of Conferral without truly attempting to resolve disputes that are not actually in dispute is an extreme waste of judicial resources.  Here, simply notifying Defendant of the Motion and then ignoring Defendant's letter, as Plaintiff did, constitutes failure to meaningfully confer.

In arguing that the Court should reopen the case and amend the pleadings, Plaintiff selectively relies on years-old statements Defendant made before and during litigation, rather than the statements Defendant makes in its response and in its most recent correspondence with Plaintiff after the TTAB proceeding ended.  Additionally, Defendant offered to negotiate a settlement agreement attesting to the fact that it will not pursue infringement claims against Plaintiff, to which Plaintiff's counsel did not substantively respond.  Such a written agreement *would* be enforceable—like any contract—by Plaintiff in court.  The Court will not countenance Plaintiff's counsel needlessly protracting this litigation by attempting to manufacture a case or controversy when none exists simply to extract attorneys' fees from Defendant.

Plaintiff attempts to resuscitate this lawsuit by arguing that a difference exists between an infringement and dilution claim.  However, the Court concludes that Plaintiff's argument that a "claim of infringement is separate and reliant on different facts than a dilution claim" fails.  (ECF No. 38 at 3.)  Defendant explicitly states in its letter

5

that "Campari has no intention to pursue *infringement or dilution claims* against Skyyguard based in its present use of the mark SKYYGUARD." (ECF No. 33-2 at 2 (emphasis added).) Given Defendant's statements and offer to enter into a settlement agreement with Plaintiff, the Court finds no reason to reopen the case and litigate an infringement claim that Defendant has no intention of pursuing.

Plaintiff has utterly failed to demonstrate good cause to reopen this proceeding, and the Court denies Plaintiff's request to reopen on the basis that no actual controversy exists over the only pending claim.

**B.     Amendment of the Pleadings**

Even if there were good cause to reopen this action, which there is not, Plaintiff's Motion is denied because of its unexplained and undue delay in moving to amend the pleadings. The TTAB issued its final decision on September 11, 2023, but Plaintiff inexplicably failed to file the Motion until 123 days later. In its reply, Plaintiff offers only the barest and weakest explanation for its delay: that it "could not confirm that Defendant would not file an appeal until the final award of Skyyguard's trademark [on January 2, 2024]." (ECF No. 38 at 4.) However, Plaintiff does not state whether it even *asked* Defendant whether it intended to appeal; had Plaintiff done so, and received either no or an ambiguous response, its position might be stronger. But again, Plaintiff appears content to remain willfully ignorant.

Accordingly, Plaintiff's Motion is also denied as untimely. *See Vazirabadi v. Denver Pub. Sch.*, 820 F. App'x 805, 809 (10th Cir. 2020) (affirming denial of motion to amend adding new claims where plaintiff "failed to raise claims against them for more than 100 days" after the discovery of the relevant facts and "d[id] not offer any

6

explanation for that delay").

Given the foregoing rulings that the case should not be reopened and the proposed amendments are untimely, the Court concludes it need not analyze Defendant's arguments with respect to whether Plaintiff's proposed malicious prosecution claim is futile. However, the Court reviewed Defendant's arguments and finds them to be persuasive. (*See* ECF No. 33 at 5–8 (observing (1) that Plaintiff never sought sanctions for bad-faith litigation before the TTAB, and (2) during nearly four years of litigation, "the TTAB never suggested that Campari's action lacked probable cause or was brought with malice," both of which are required for a malicious prosecution claim in Colorado).)

In sum, the Court concludes that Plaintiff has failed to demonstrate good cause to reopen this case and amend the pleadings, and therefore it denies the Motion.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Plaintiff's Motion to Reopen and Amend Complaint (ECF No. 28) is DENIED; and

2. The Clerk is DIRECTED to terminate this action.

Dated this 17th day of April, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge